May it please the Court, Jackie Koch here for the plaintiff in this case. This is a case of a state law claim that was brought because of an alleged violation of wage and hour law that requires an employer to pay an employee within certain time periods upon termination. If I could just start off by getting your understanding on something. You have construed the collective bargaining agreement in a particular way. Alaska Airlines disagrees. By definition, doesn't that require you to consult the collective bargaining agreement in order to construe the meaning? It does require you to read the collective bargaining agreement, yes. Does it require you to interpret it is really the question I think. That's really my point. And our answer, of course, is no. And their answer, of course, is yes. So that is exactly where the problem lies. Let me stop you. Isn't the question whether or not the Court has to interpret the contract? And don't we have to interpret the contract now that there's two different positions? No. Oh, okay. How do we go about not doing that? I have to say no. Now that's an honest answer. Not only do I have to say no, I actually believe that no is the correct answer, Your Honor. And here's why. In the case that the Oregon Supreme Court decided that was highly similar to this case in a lot of respects called Smolt. In that case, the Court looked at the statute. And our statute says pretty clearly that the employer is required to do certain things, but if there's a collective bargaining agreement that covers this, then you go to the collective bargaining agreement. The problem is what kind of coverage. Now, in Smolt, the collective bargaining agreement, if you just read it, didn't cover the situation that was at issue. It didn't cover voluntary termination. Here, it's the other, it's the flip side. If you read what it says, it doesn't cover involuntary termination. Now, I grant you, I am not going to stand here and pretend that this paragraph is as crystal clear as the one in Smolt. It isn't. How crystal clear does it have to be before you tip over reading into interpreting? And that is the issue. And I concede that that is the issue. You know, it just seems to me you've got a problem. I wrote a case called Debt of Bali versus one of the hospitals in San Francisco that dealt with the California Fair Employment and Housing Act and the Labor Relations Act, similar issue, an analogous situation. So I know exactly what your argument is. And in that case, we found that there was no construction required. But I don't, I just don't get it. How do you determine the answer in this case without consulting the act? I mean, you've come up with an argument about what it means to give notice. Well, you can't possibly need notice because you're terminated. And on the other hand, Alaska comes back and says, no, it's very clear. It talks about what you're supposed to do, and we're just complying with that. There's a clear disagreement, and it's not a disagreement about some abstract thing. It's a disagreement about the language in the collective bargaining agreement. So how can that not be, how can there not be a construction of the collective bargaining agreement, and how can that not be what the state statute exempts? The state statute under Smolt, the Supreme Court, requires something affirmative to say that it's preempted. In other words, this statement should affirmatively say that it's covering termination. Well, we're talking about the federal law here now, though. I agree. We're talking about whether the collective bargaining agreement is what's going to control here. The state statute says if the collective bargaining agreement controls, then we're out of here. So I'm just, you know, you've been honest before. I want you to be honest again. Why is this not a construction of a collective bargaining agreement? Because simply because you have to read it doesn't mean you have to construct it. No, I understand that. I understand that. But in this case, to understand what the party's intended, don't you have to look throughout the body of the agreement, see how one section relates to the other in order to construe it? No. It says what it says. It says that it covers leaving. Well, that's true. This isn't these kinds of provisions are not, I mean, they may be not well constructed, but they're not rocket science and they're not something that is entangled everywhere else in the agreement. But you're not asking us to consult natural law, are you? No, Your Honor. I'm just grammar. Okay. Just grammar. But grammar, the grammar we're consulting is the grammar that is in the collective bargaining agreement. Correct. Right? And it doesn't say, it does not say that this applies if you are fired. Let me ask you, if we disagree with your client's interpretation of the contract, don't we have to find that we have to interpret? I'm sorry, Your Honor. I have a little cold in the ear. Even if we disagree with your client's interpretation of the contract, don't we have to interpret at that point? Don't you have to interpret it if you disagree with our interpretation? In other words, I, for example, the phrase, leaving the service of the company,  Well, I would say that this about that. I would say that in terms of looking at this statement, that you would have to read the whole thing. In other words, And I've read the whole thing. I still disagree with your client's position on it. Okay. I see. So don't I have to interpret then? If you disagree with the way that I have read it, yes, I would say you do have to interpret it, because at that point Yes, I agree. The other issue that we raised was the question of whether or not the state court or the federal court should interpret it. But obviously, the point that we're making here would be the major point. But let me just say, the other issue is whether or not it's complete preemption or non-complete preemption. Correct. I want to hear your argument on that. And we'll get to that exciting denouement in just a minute, because we're going to save your three minutes. All right. We'll now hear from Alaska Airlines, from Ms. Baumgart, right? Thank you. May I please support Brenda Baumgart on behalf of Alaska Airlines? The court has certainly hit on the crux of our argument, which is that the issue presented in the complaint here, whether or not this plaintiff was timely paid her wages upon termination, necessarily requires, and did require, the district court to interpret the collective bargaining agreement. Therefore, it's completely preempted under the RLA. Ms. Baumgart, just taking for a moment, arguendo. If we agreed with Alaska that this requires an interpretive act and that the interpretive act takes it out of the state statute, do we have to decide the issue of whether our law requires complete preemption or ordinary preemption? Do we even have to get to that? I don't think this court does, and that is a very interesting question, because there is a split among the circuits, and arguably an intra-circuit split in the Ninth Circuit. I don't think you get there if we look at the way the plaintiff has positioned their argument before the district court, from which the district court drew its analysis and conclusion, and then how they presented this issue to this court, which is not of the initial question of is there this jurisdictional removal based on congressional intent, but plaintiff concedes and just conceded here that the real question is does the claim raise require interpretation? Therefore, that's the question that we're looking at, and it's our position that you don't need to get into this. It's the RLA either way, right? Correct. It's the RLA either way, and there's a significant body of authority from unanimous U.S. Supreme Court decisions, Hawaiian Airlines, which bases its decision on Lingle from this court, in the Espinal decision and others, where it's the approach is very clear how the court looks at whether or not something requires interpretation of the collective bargaining agreement. There's no question the district court appropriately applied those standards and concluded that this is a minor dispute under the RLA. Therefore, it's completely preempted. And really, the complete preemption question, I think, gets to this notion of whether you get around the well-pleaded complaint rule. And again, this body of authority adequately supports exactly what the district court did. I would also point out that the only issue before this court is, in fact, that question. Plaintiffs did not assign error or present as issue. The secondary question before the district court, which is whether dismissal is proper based on lack of subject matter jurisdiction. You know, as you know, we have these cases, maybe this line of cases, this continuum. But, you know, some cases, as you say, conclude that the agreement has to be interpreted. In other cases, Judge Smith pointed to one, say, well, just because we have to consult the agreement and read it doesn't mean it has to be interpreted. Now, can you articulate, like, a principle rule on which, you know, you can make a distinction between those two groups of cases? I think it is well-established in the cases genre. And it's very clear in Alaska to not base this argument on simply asserting that the district court had to look to the collective bargaining agreement. An example where that might happen is if you're looking at pay structure or something like that, where something might be articulated in the collective bargaining agreement, but it certainly isn't controlling the heart of the dispute. This case follows the other line of cases where the rights of the parties are clearly defined under the collective bargaining agreement. And, therefore, whether or not there is liability and was a violation turns on that language, not the state statutory language. So I think that's an example of a distinction for you. And, again, this is an issue that has been digested by this court numerous times, as well as the U.S. Supreme Court. And the real issue, like on the Dadabali situation, you consult the specific duties, in that case, of a nurse. That's just spelled out very clearly. You can consult that without having to interpret the agreement. In this case, though, you have some language that you interpret one way. They interpret it in an entirely different way. So in order to consult, it doesn't resolve the problem. You have to construe the language of the collective bargaining agreement. And that is, I gather, your position. And our friend here takes a slightly different position. But the reality is if it indeed has to be interpreted, that's when the arbitration kicks in. Is that correct? That is absolutely correct. And that is what the district court found in this case, and correctly so. Are there any other questions from the court?  Thank you very much. Thank you very much. Would you like to, Ms. Cook, give us your rebuttal, please? The only thing I could add, I think, is this. What if the employee attempted to utilize this provision and said, well, I want to file agreements under this provision because I don't think you complied with it when you terminated me? Then the arbitrator decides whether the employee is correct and makes a ruling. But the employee would not necessarily get that for because it doesn't fit the employee's situation on its face. Well, I mean, you're presuming what the arbitrator's answer will be, aren't you? Maybe so, but I don't know that I am. And I guess it's just my last plea for reading it in plain, simple terms. And that is that that situation, actually, it's up to the union representative to pick up the cause of that particular employee. And if the union representative does not do so and does not act in good faith, then there is an exception to the preemptive ruling. You can get Federal jurisdiction in that particular situation. But if it doesn't cover it in the first place, then you can't. Well, if it doesn't cover it, then it doesn't cover it. That's when you consult natural law. Okay. Next time I'll come on natural law. Thank you. Thank you both for your argument. The case of Moore Thomas v. Alaska Airlines is submitted. The case of Stevens v. Evers is submitted on the briefs and records and is now submitted officially. The case of Evans v. Astru is submitted on the briefs and is now submitted for purposes of the court. The case of Travelers Casually Insurety v. Brennecke is submitted on the briefs and is now submitted. And we now come to the matter of Selzheim, mispronouncing it, I apologize, v. Mukasey. Thank you.
judges: Tashima, Smith, Wu